IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROGER O'BRIEN,

        Defendant.

ORDER

13-cr-11-bbc-1

---

## FACTS

A hearing on the probation office's petition for judicial review of Roger O'Brien's supervised release was held on July 19, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel Gregory Dutch. Also present was U.S. Probation Officer Nicholas A. Tuma.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on June 10, 2013, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), a Class C felony. He was committed to the custody of the Bureau of Prisons to serve

1

a 24-month term of imprisonment with a three-year term of supervised release to follow.

Defendant began his first term of supervised release on August 29, 2014. The term of supervision was revoked on February 12, 2015, after he violated his conditions by failing to notify his probation officer of changes in residence and failing to report to his probation officer as instructed. He was sentenced to a three-month term of imprisonment to be followed by a 24-month term of supervised release. A special condition was added to include 120 days of location monitoring.

Defendant began his second term of supervised release on April 13, 2015. He violated the mandatory condition of his supervised release prohibiting him from committing another federal, state or local crime on April 23, 2016, when he drove a vehicle while his license was revoked, obstructed an officer and misappropriated personal identifying information to avoid a criminal penalty. In addition, he had failed to install an ignition interlock device as the state court had ordered him to do.

Defendant violated Standard Condition No. 9 of his conditions of supervised release prohibiting him from associating with persons engaged in criminal activity or convicted of a felony. On May 28, 2016, he told the police that he was not hiding a fugitive in his house but was later found to be harboring the fugitive in a closet at defendant's residence.

Defendant's most serious conduct is misappropriation of personal identifying information to avoid criminal penalty, which falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines directs the court to revoke supervised release upon the findings of a Grade B violation.

CONCLUSIONS

Defendant's criminal history falls into category VI. With a Grade B violation, he has an advisory guideline range of imprisonment of 21 to 27 months. Under 18 U.S.C. § 3583, the statutory maximum to which defendant can be sentenced upon revocation is two years because his original conviction was for a Class C felony. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if the term of supervised release is revoked.

However, I have decided to continue defendant's release on supervised release to allow him one last opportunity to engage in drug treatment through the Fahrman Center in Eau Claire. Defendant understands that if he fails to finish the program, it is highly likely he will be sent to prison for violation of the conditions of his supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Roger O'Brien on February12, 2015, is continued to allow defendant Roger O'Brien to participate in drug treatment through the Fahrman Center in Eau Claire, Wisconsin. The standard and special conditions of release imposed previously on defendant remain in effect.

Entered this 19th day of July 2016.

BY THE COURT:

/s/

_____
Barbara B. Crabb
District Judge